IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Nos. 09-273 & 10-021 |
| | ) |
| ERIN HOUSE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

In opposition to the government's motion for an extension of time to file its responsive proposed findings of fact and conclusions of law, (ECF No. 793), Erin House ("defendant") argued that, if the extension was granted, the time should not be deemed excludable delay under the Speedy Trial Act, because the requested 30-day extension was "due to [the U.S. Attorney's Office's] lack of diligent preparation," 18 U.S.C. § 3161(h)(7)(c). (ECF No. 799 ¶ 15.) The court granted the extension of time, but directed the government to respond to defendant's assertion that the additional time should not be deemed excludable delay. (ECF No. 800.) The government filed its response, and the matter is ripe for disposition. (ECF No. 805.)

For the reasons set forth in the government's response, and on the record at the April 25, 2014 hearing in this matter in response to House's objection at that time to continuing a hearing due to a third-party witness' medical emergency, (ECF No. 756), the court deems the entire period of the extension granted by the court to the government on December 23, 2014, (ECF No. 794), to automatically be excludable delay pursuant to the Speedy Trial Act, 18 U.S.C § 3161(h)(1)(D). Bloate v. United States, 559 U.S. 196, 206 (2010); United States v. Tinklenberg, 131 S.Ct. 2007, 2010-11 (2011); Henderson v. United States, 476 U.S. 321, 331-32 (1986); United States v. Yarbrough, 452 F.App'x 186, 190 (3d Cir. 2011). The court finds that the continuance was not needed because the government failed to diligently complete its work on this case, or because the

government engaged in any misconduct. Even with the extension of time, the government has been given 75 days to file its proposed findings of fact and conclusions of law, which will be based upon the transcripts of almost two weeks of hearings, spanning three years, and voluminous documentary evidence, and to respond to defendant's 45-page filing. This amount of time is not indicative of a lack of diligence. The government, moreover, asserts that defendant's filing included evidence not previously admitted into the record. This assertion provides further proof that the extension of time was not the result of a lack of diligence.

Alternatively, the delay attendant to the extension of time is excludable because the ends of justice served by granting the extension of time outweigh the best interest of the public and the defendant in a speedy trial because the additional time is necessary for the government to fully and adequately respond to defendant's proposed findings and conclusions, which will ultimately advance the court's expeditious resolution of the pretrial motions before it. 18 U.S.C. § 3161(h)(7). The delay here, thirty days, in comparison to the numerous extensions of time requested by defendant in this matter, (ECF No. 756), is not undue or improper. The hearing on these issues has undoubtedly been lengthy. There is, however, no evidence presently before the court to indicate that the government has been using the pendency of defendant's motions as a method to delay or obstruct defendant's right to a jury trial. For these same reasons, defendant's Sixth Amendment right to a speedy trial is not violated by the 30-day extension.

Therefore, IT IS HEREBY ORDERED, this 23rd day of January, 2015, that the extension of time granted, by order dated December 23, 2014, (ECF No. 794), is excludable delay for purposes of the speedy trial act.

BY THE COURT:

/s/ *Joy Flowers Conti*
Joy Flowers Conti
Chief United States District Judge